ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 6 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| MYRON TANKSLEY § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-04-CV-1760-P |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Myron Tanksley, appearing *pro se*, has filed a pleading entitled "Motion for Leave to File Delayed Application to Proceed In Forma Pauperis." The court should construe this pleading as a Rule 60(b) motion to vacate final judgment and deny the relief requested.

I.

On August 12, 2004, petitioner filed an application for writ of habeas corpus challenging his conviction and 40-year sentence for aggravated robbery. Although petitioner sought leave to proceed *in forma pauperis*, he did not submit a certified copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).[1] The court twice ordered petitioner to correct this deficiency.

---

[1] This statute provides, in pertinent part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit [for leave to proceed *in forma pauperis*], shall submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

*See* Orders, 9/2/04 & 10/6/04. Both times petitioner was warned that the failure to submit an inmate trust account statement would result in a recommendation that the case be dismissed. *Id.* Despite these warnings, petitioner never submitted a certified copy of his inmate trust account statement. The case was dismissed without prejudice on December 10, 2004. *Tanksley v. Dretke*, 2004 WL 2512561 (N.D. Tex. Nov. 5, 2004), *rec. adopted*, 2004 WL 2900651 (N.D. Tex. Dec. 10, 2004). No appeal was taken and the judgment is final.

On March 14, 2005, more than three months after judgment was entered, petitioner filed the instant motion seeking leave to file a delayed application to proceed *in forma pauperis*. An inmate trust account statement, reflecting a current balance of $41.52, is attached to the motion. Liberally construed, it appears that petitioner wants to set aside the judgment dismissing this case so he can prosecute his application for writ of habeas corpus. The court therefore treats the motion as a Rule 60(b) motion for relief from final judgment.

II.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). These terms include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 159 (5th Cir.), *cert. denied*, 111 S.Ct. 89 (1990).

In support of his motion, petitioner alleges that "the inmate that was assisting him was relocated and caused petitioner's legal process to be delayed, due to the six (6) month print out thats [sic] required with the in forma pauperis." (Pet. Mot. at 1). Even if the court accepts this explanation as true, it does not constitute newly discovered evidence or establish misconduct on the part of the opposing party. Nor does it implicate the validity of the judgment. At most, petitioner may have a claim for inadvertence or excusable neglect. However, petitioner wholly fails to explain why he waited three months after the judgment was entered to file this motion or why he never communicated with the court about the difficulties he encountered in obtaining a certified copy of his inmate trust account statement. Under these circumstances, Rule 60(b) relief is not warranted.

## RECOMMENDATION

The court should construe petitioner's motion for leave to file a delayed application to proceed *in forma pauperis* as a Rule 60(b) motion to vacate final judgment and deny the relief requested.[2]

DATED: March 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because this case was dismissed without prejudice, petitioner may refile his application for writ of habeas corpus along with a motion to proceed *in forma pauperis* and a certified copy of his inmate trust account statement. However, it appears that petitioner already has sought federal habeas relief with respect to his aggravated robbery conviction. *Tanksley v. Dretke*, 2004 WL 1109458 (N.D. Tex. May 13, 2004), *rec. adopted*, 2004 WL 1238224 (N.D. Tex. Jun. 3, 2004). To the extent petitioner is attempting to challenge the same conviction in a second or successive writ, he must first obtain authorization from a three-judge panel of the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").